IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW MCKINNON, #B89426, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-00383-SMY |
| ) | |
| BIG MUDDY RIVER CORRECTIONAL ) | |
| CENTER, ORANGE CRUSH, and ) | |
| GERY GITZS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Andrew McKinnon, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Preliminary Dismissals

Big Muddy River Correctional Center, an IDOC facility, is a state government agency and is not a person subject to suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). As such, Big Muddy River Correctional Center will be dismissed with prejudice.

Plaintiff names "Orange Crush" as a defendant, but identifying a group of individuals as a defendant is improper. Instead, pursuant to Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Further, to state a viable § 1983 claim, a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right.  *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation").  While Plaintiff may refer to parties whose names are unknown as "John Doe" or "Jane Doe," he must still follow pleading standards and include a short, plain statement of the case against that party.  He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter.  He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.).  Because Plaintiff fails to state a claim against any individual by naming "Orange Crush," that defendant will also be dismissed with prejudice.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  The Orange Crush Tact Unit came to Plaintiff's housing unit on February 22, 2019.  Several officers came to Plaintiff's cell and ordered him to put his hands behind his back and cuff up.  He asked to show them medical paperwork as to why he should not be cuffed behind his back.  The officers yelled at him to cuff up.  In fear of what would happen if he did not obey, he allowed himself to be cuffed behind the back.

The prisoners were taken to the chow hall and he was placed on the side without air conditioning.  He was in pain for over two hours because of medical conditions with his neck, back, and shoulders.  He begged officers but got no response. Plaintiff saw four other prisoners handcuffed in the front including one in a wheelchair.  He told officers about his condition and they laughed at him.  When he got to the point of almost passing out, an officer took him to the

2

other side of the chow hall to see the doctor. Dr. Gitzs took his vitals but refused to hear his complaints about his shoulders, wrist, back, and neck. Dr. Gitzs would not order an x-ray. Plaintiff was issued a permit for front cuffs or waist cuffs after that incident.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Gitzs.

Any other claim that is mentioned in the Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

Plaintiff's allegations regarding his interaction with Dr. Gitzs are vague. He states that Dr. Gitzs took his vitals but provides no other information regarding the encounter. It is not clear what information was provided to or already known by Dr. Gitzs about Plaintiff's unidentified medical conditions, and Plaintiff does not indicate why he believes he needed an x-ray. Thus, Plaintiff has not provided sufficient information to state a viable Eighth Amendment deliberate indifference to

3

serious medical needs claim against Dr. Gitzs. Count 1 and Dr. Gitzs will therefore be dismissed.

## Disposition

Big Muddy River Correctional Center and Orange Crush are **DISMISSED with prejudice.** Count 1 and Gery Gitzs are **DISMISSED without prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to **TERMINATE** Big Muddy River Correctional Center, Orange Crush, and Gery Gitzs as defendants.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **JUNE 16, 2021**. The First Amended Complaint will be subject to review under § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 21-383). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.). To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint.  Instead, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 17, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
